Howard **POLIN**

v.

**CONDUCTRON CORP.** et al.

**Civ. A. No. 69–1730.**

United States District Court, E. D. Pennsylvania.

March 31, 1970.

Dilworth, Paxson, Kalish, Kohn & Levy, by William T. Coleman, Jr., and Edward F. Mannino, Philadelphia, Pa., for plaintiff.

Duane, Morris & Heckscher, by Henry T. Reath, Donald A. Scott, Philadelphia, Pa., for McDonnell Douglas Corp. and others.

John Mulford and Patrick T. Ryan, Philadelphia, Pa., for individual named defendants.

## MEMORANDUM ORDER

HIGGINBOTHAM, District Judge.

On February 4, 1970, I entered an Order denying defendants' motions to dismiss the above captioned civil action, or in the alternative to transfer the matter to the Eastern District of Missouri. On February 16, 1970, Conductron Corporation, McDonnell Douglas Corporation, and individual defendants filed motions to stay these proceedings and to have this Court certify the Order of February 4, 1970, to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C.A. § 1292. On March 13, 1970, oral argument on the defendants' motions was waived by agreement of all counsel, and I have now decided the matter on the basis of counsels' briefs.

I shall Deny defendants' motions in all respects.

The simple answer to defendants' position is that the grant or denial of a motion to transfer a suit between districts is an interlocutory order and not one that has been made reviewable by 28 U.S.C.A. § 1292. The United States Court of Appeals for the Third Circuit so held in Standard v. Stoll Packing Corp. v. Standard, 315 F.2d 626 (1963). There a Middle District of Pennsylvania Judge denied a motion to transfer an action between districts and an appeal was taken. The Court of Appeals issued an order which is entirely in point here, saying in part: "Sec. 1292 of Title 28 U.S.C. does not provide statutory authority for the review of an interlocutory order of the nature sought to be reviewed in this case."

### ORDER

And now, this 31st day of March, 1970, it is hereby ordered that defendants' motions to amend the Order of February 4, 1970, to stay these proceedings, and to certify the Order of February 4, 1970, pursuant to 28 U.S.C.A. § 1292, are in each and every respect denied.